J-S30007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STACIE LYNNE FETROW | : | |
| | : | |
| Appellant | : | No. 141 EDA 2019 |

Appeal from the Judgment of Sentence Entered December 3, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0002386-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 09, 2019**

Appellant, Stacie Lynne Fetrow, challenges the judgment of sentence entered in the Delaware County Court of Common Pleas, following her guilty plea to theft by deception. Appellant disputes the discretionary aspects of her sentence, arguing that the court issued a manifestly excessive sentence where it imposed incarceration rather than a probationary term. Appellant's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and a motion to withdraw. After careful review, we affirm.

Appellant was caught embezzling funds for her personal use when the law firm that employed her conducted routine year-end accounting. She was arrested and charged with a litany of offenses after the firm reported its findings to local police. Appellant agreed to enter an open guilty plea to one

count of theft by deception[1] in exchange for the Commonwealth's agreement to drop the remaining charges.

Following a guilty plea colloquy, the court accepted Appellant's open plea. The court ordered a pre-sentence investigation report. At sentencing, the court heard from the victims of the offense, and listened to testimony from Appellant and her attorney regarding Appellant's history of drug addiction and other personal struggles. The court then imposed a sentence of three to twenty-three months' incarceration, to be served in a combination of weekend stints in jail and thereafter, house arrest.

Appellant filed a timely notice of appeal. After the court ordered her to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Appellant's counsel instead filed notice of his intent to file an **Anders** brief. This appeal is now properly before us.

Counsel has identified a single issue of potential merit: "whether the judgment of sentence is harsh and excessive where the lower court sentenced Appellant to jail when all the mitigating evidence warranted a sentence of probation only?" Anders Brief, at 3.

Before addressing the merits of this issue, we are first tasked with determining whether counsel has complied with the procedures set forth in **Anders**. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015).

---

[1] 18 Pa.C.S.A. § 3922.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Commonwealth v. Tukhi**, 149 A.3d 881, 885-886 (Pa. Super. 2016) (citation omitted).

The **Anders** brief is subject to particular requirements. Our Supreme Court dictates that the brief must: provide a summary of the procedural history and facts of the case, complete with citations to the record; refer to any information in the record that counsel believes could arguably support the appeal; present counsel's conclusion that the appeal is frivolous; and state counsel's reasons for so concluding. **See Santiago**, 978 A.2d at 354. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." **Commonwealth v. Hankerson**, 118 A.3d 415, 420 (Pa. Super. 2015) (citation omitted).

If this Court determines that counsel's petition and brief satisfy the requirements of **Anders**, we will undertake an independent review of the appeal to ascertain whether it is wholly frivolous. **See Tukhi**, 149 A.3d at 886. If it is found to be frivolous, we will grant counsel's petition to withdraw, and affirm the judgment of sentence. **See id**.

Here, Appellant's counsel has satisfied the procedural requirements imposed. Counsel's brief complies with the **Anders**/**Santiago** obligations set forth above. Additionally, counsel filed a petition seeking leave to withdraw his representation of Appellant. In the petition, he affirms he conducted a thorough review of the record, he did not discover any meritorious issues that may be raised on appeal, and he has concluded the appeal is wholly frivolous. Counsel also attached to the petition a copy of the letter he sent to Appellant, which advises she may retain private counsel or proceed *pro se* to raise any additional issues she believes should be brought to this Court's attention, and that she should do so quickly. Finally, the letter states counsel enclosed a copy of the petition to withdraw and his **Anders** brief. Appellant has not filed a reply. We will now undertake our own review to determine whether this appeal is indeed wholly frivolous.

Counsel's **Anders** brief raises a single issue for our review. It asserts the sentence is "harsh and excessive" where the court failed to consider mitigating evidence, which is a challenge to the discretionary aspects of Appellant's sentence. Appellant's Brief, at 5.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted). To invoke our jurisdiction, the appellant must satisfy a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify

- 4 -

sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. (citation omitted).

"Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*) (citation omitted). For purposes of ***Anders***, an issue that is waived is frivolous. ***See Tukhi***, 149 A.3d at 888.

As Appellant did not object to the judgment imposed at her sentencing hearing and failed to file a timely post-sentence motion for reconsideration, she has waived her challenge to the discretionary aspects of her sentence.[2] Thus, we are constrained to agree with counsel that the discretionary aspects claim presented in the ***Anders*** brief is wholly frivolous.

After conducting a full examination of the underlying proceedings, as required by ***Anders***, we do not discern any additional meritorious issues to be raised on appeal. Accordingly, we grant counsel's petition to withdraw, and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

---

[2] The transcript from the sentencing hearing confirms Appellant was properly informed of these rights by her trial counsel. ***See*** N.T. Sentencing, 12/3/18, at 22-23. And, Appellant completed a post-sentence rights form. ***See id***., at 23; Statement of Post-Sentence Rights, at 1-2.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/9/19